IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

DEBBIE A. HARRISON

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,

       Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **DEBBIE A. HARRISON** (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, **ROYAL CARIBBEAN CRUISES, LTD. ("Royal Caribbean")**, (hereinafter "Defendant"), alleging upon information and belief as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on Admiralty jurisdiction conferred by 28 USC § 1333.

2. At all times material hereto, Plaintiff was and is a citizen of Ontario, Canada.

3. At all times material hereto, Defendant was and is a for-profit, foreign corporation, which is based in and/or with agents in Miami, Florida, and is authorized to

conduct and is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this Court. Defendant requires in the contract of carriage that all cases filed by passengers be filed in this jurisdiction.

4. At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the vessel M/S ALLURE OF THE SEAS and other vessels.

5. At all times material hereto, Defendant owned, operated, managed and/or controlled the M/S ALLURE OF THE SEAS.

6. At all material times hereto, Plaintiff was a fare paying passenger aboard the M/S ALLURE OF THE SEAS for the purpose of enjoying a vacation cruise.

7. At all material times hereto, Defendant owed a duty to Plaintiff of using reasonable care under the circumstances in maintaining the premises of the M/S ALLURE OF THE SEAS in a reasonably safe condition and operating the vessel in a reasonably safe manner.

8. On or about February 15, 2014, Plaintiff was removing the "do not disturb sign" from the outside of her cabin door when the door suddenly and unexpectedly closed severing the tip of Plaintiff's right middle finger.

9. The accident occurred due to the unsafe condition/design of the door and door stop, the wind vortex created when the cabin door is opened at the same time the balcony door is open and/or Defendant's negligent failure to warn Plaintiff of or correct the aforementioned conditions.

10. Defendant knew or should have known of the dangerous and unsafe conditions alleged above, and failed to take reasonable steps to correct the hazards or warn Plaintiff of the hazards.

11. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and permanent injuries to her body and mind.

12. All pre-conditions to this action have been met or waived.

## COUNT I - NEGLIGENCE

13. Plaintiff adopts and re-alleges paragraphs 1 through 12 above as fully set forth herein, and further alleges:

14. On or about February 15, 2014, and continuing thereafter, Defendant breached the duty owed to Plaintiff by committing one or more of the following acts and/or was negligent in the operation, maintenance or control of the M/S ALLURE OF THE SEAS in the following respects:

   a. Failing to exercise reasonable care for the safety of its passengers, and creating a dangerous condition in and around the doors;

   b. Failing to provide a door for passenger cabins reasonably designed for the safety of its passengers;

   c. Failing to properly maintain the door and door stops for use by passengers;

   d. Failing to properly inspect the cabin door and the balcony door prior to the incident in question;

  e. Failing to properly test and/or repair the cabin door and balcony door prior to the incident in question;

  f. Failing to warn passengers, whom Defendant knew or should have known would be using the cabin door and balcony door, of the dangerous condition which existed when passengers used the door and balcony door at the same time;

  g. Failing to use appropriate safety devices for the door;

  h. Failing to use appropriate opening devices for the door;

  I. By failing to investigate similar incidents on its vessels;

  j. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

  k. Failing to adequately investigate prior and subsequent incidents involving similar circumstances on the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

  l. Failing to post adequate warnings to passengers of the dangerous and unsafe condition in and about the cabin doors and balcony door of the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

  m. Failing to assist Plaintiff or to provide adequate safety and care for passengers on the cruise ship;

      n.      Failing to provide prompt and adequate medical treatment to Plaintiff;

      o.      Other acts of fault and negligence which will be proven at the trial of this matter.

15.    Defendant's negligence, as described above, caused the injuries Plaintiff complains of in this lawsuit.

16.    The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

      a.      Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, and loss of capacity of enjoyment of life, suffered lost wages and impairment of earning capacity in the future;

      b.      Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

      c.      Plaintiff has suffered an aggravation of a pre-existing condition.

17.    These injuries and damages are either permanent or continuing in nature and Plaintiff will suffer loss and impairment in the future.

18.    Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

19.    All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-judgment interest and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings, including trial by jury.

Dated: September 11, 2014

Miami, Florida                                    Respectfully submitted,


/s/ Jonathan B. Aronson                           /s/ James M. Walker
Jonathan B. Aronson                               James M. Walker
Florida Bar No. 434116                            Florida Bar No. 755990
ARONSON LAW FIRM                                  WALKER & O'NEILL, P.A.
Attorney for Plaintiffs                           Attorney for Plaintiffs
5730 S.W. 74th Street, Suite 800                  7301 S.W. 57 Court, Suite 430
South Miami, Florida 33143                        South Miami, Florida 33143
Tel. No.      (305) 662-1233                      Tel. No.      (305) 995-5300
Facsimile:    (305) 662-1266                      Facsimile:    (305) 662-1266
jaronson@aronsonlawfirm.com                       jwalker@cruiselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

| | |
|---|---|
| /s/ Jonathan B. Aronson | /s/ James M. Walker |
| Jonathan B. Aronson (434116) | James M. Walker (755990) |

## SERVICE LIST

| | |
|---|---|
| Jonathan B. Aronson, Esq. | James M. Walker, Esq. |
| *Co-Counsel for the Plaintiff* | *Counsel for the Plaintiff* |
| Aronson Law Firm | Walker & O'Neill, P.A. |
| 5730 S.W. 74 Street, Suite 800 | 7301 S.W. 57th Court, Suite 430 |
| Miami, Florida 33143 | South Miami, Florida 33143 |
| Telephone: (305) 662-1233 | Telephone: (305) 995-5300 |
| Facsimile:  (305) 662-1266 | Facsimile:  (305) 995-5310 |
| **Email:** jaronson@aronsonlawfirm.com | **Email:** jwalker@cruiselaw.com |